## Commonwealth v. Bar 4, Inc.

*Barnett S. Lotstein,* Assistant District Attorney, for Commonwealth.

*Samuel Pepper,* for defendants.

*Charles Bowser,* for neighboring citizens.

MARSHALL, J., August 1, 1974.—On October 31, 1973, a consent decree was entered restraining Bar 4, Inc., t/a The Lambert Bar, 2014 West Susquehanna Avenue, Philadelphia, Pa., Pearl Gans, 2264 North Fifty-first Street, Philadelphia, Pa., and Rubin Gans, 2264 North Fifty-first Street, Philadelphia, Pa., for a period of 180 days, beginning November 5, 1973, to May 5, 1974, from conducting a restaurant, and restraining them from selling liquor and malt or brewed beverages in the premises. Said decree was based upon a stipulation between petitioner and respondent, as well as counsel for a group of neighborhood residents who had been present at the hearing. These residents were prepared to offer testimony concerning conditions at the Lambert Bar.

The 180-day period expired on May 5, 1974. On May 3, 1974, the Commonwealth, together with representatives of the neighborhood citizens, filed a petition for preliminary injunction asking the court to disallow reopening of the bar. A conference was held on May 6, 1974, with all parties represented.

Defendants agreed to remain closed until the motion was disposed.

Defendants sent notice to the district attorney's office of an intention to reopen by letter dated May 3,

1974. The district attorney ordered an inspection of the premises which was conducted. The report indicates a vast improvement has been made in the physical plant.

A hearing was held on May 20-21, 1974, at which testimony was taken from residents of the community concerning the improvement and the serenity of the neighborhood for the past six months while the Lambert Bar was closed. The Commonwealth also produced evidence of citations filed by the Pennsylvania Liquor Control Board in February, 1974 (hereinafter referred to as "LCB"). On the basis of these citations, the Commonwealth challenged the reopening. The Commonwealth claims that the citations issued on February 13, 1974, and March 4, 1974, following an investigation by the LCB that began on October 22, 1973 and ended January 22, 1974, involved alleged fraudulent conduct on the part of defendants. The Commonwealth contends that defendants had failed to advise the court of the new investigation at the October 31, 1973 hearing. It is the Commonwealth's belief that such information would have materially affected the decree entered by the court on October 31, 1973. No hearing has been held by the LCB on the aforementioned citations as of this date.

At the hearing on May 20-21, 1974, defendants produced several members of the community to testify that conditions in the neighborhood had not materially changed with the bar closed; that they had been patrons of the establishment when it was operating and were satisfied with the conditions. In addition, a Jerome Gorden testified that he, with defendants Ruben and Pearl Gans, had entered into an agreement of sale of the bar. Said agreement is dated April 22, 1974. The sale is contingent on the disposition of the LCB citations. Mr. Gorden testified that he holds two other liquor licenses and operates two other

establishments without any difficulties with the LCB. Inasmuch as defendants, Ruben and Pearl Gans, also agreed to finance the purchase, they will retain control of the board of directors of the corporation during the period of the outstanding obligation.

The issues are whether the court has power to modify or vacate the decree entered on October 31, 1973; whether the decree was obtained with concealment of the facts by defendants thus constituting a fraud on the parties by the court; whether the defendants have violated equitable principles by the concealment of information.

With respect to the power of the court to modify or vacate the decree entered on October 31, 1973, Rule 1531 of the Pennsylvania Rules of Civil Procedure provides that after hearing, the court shall make an order dissolving, continuing or modifying an injunction. In Tamagno v. Waiters & Waitresses Union, 373 Pa. 457 (1953), the Pennsylvania Supreme Court said it is an inherent power of the court to modify an order of injunction.

However, if the decree entered by the court is a consent decree, it is in the nature of a contract between the parties. The court will have no power to modify or vary the terms of the consent decree.

The final paragraph of the stipulation dated October 31, 1973 states ". . . the undersigned parties hereby consent to the entry of the attached decree." Said stipulation was signed by the Assistant District Attorney for the Commonwealth and Samuel Pepper, Esq., for the respondents. Mr. Bowser, attorney for the neighbors, made a statement in open court that he was the representative of the complaining residents group and that the decree was not the agreement of the parties but an order of the court. However, this statement cannot change the clear meaning of the words of the stipulation. Therefore, it is the view of

this court that the decree entered on October 31, 1973, was, in fact, a consent decree and cannot be changed by this court unless there is a showing of fraud.

With respect to the alleged fraudulent withholding of information from this court by respondents, this court believes that the information was not fraudulently withheld and would not have made any material difference in the amount of time the bar was ordered closed. By October 31, 1973, only one preliminary visit had been made by an auditor of the LCB. The investigation did not conclude until well after the date of the consent decree and no citation was issued by the LCB until February 1974, more than three months after the establishment had been closed. On October 31, 1973, it is difficult to see how the court could have been apprised of anything by the respondents other than a routine visit having been made by an auditor of the LCB.

In addition, it should be noted that the bar has remained closed an additional two and one-half months during the pendency of the petition for preliminary injunction.

For all of the foregoing reasons, the petition for preliminary injunction is dismissed.